UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAIKEL PEREZ TARAJANO,

        Petitioner,

v.                                        Case No.  2:26-cv-1313-JES-NPM

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

        Respondents.

_____/

## OPINION AND ORDER

Petitioner Maikel Perez Tarajano, an immigration detainee currently held at the Krome North Detention Facility, initiated this action by filing a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus.  (Doc. 1).  Respondents have filed a response and supplemental response to the petition.  (Doc. 14; Doc. 21). Upon review of the parties' filings, the Court finds that the petition must be granted.

## I.   Background

Perez Tarajano, a citizen of Cuba, entered the United States as a parolee on March 24, 2004.  (Doc. 14 at 2). In 2020, he was convicted of conspiring to encourage and induce aliens to come to the United States.  (Id.)  On June 23, 2014, an immigration judge ordered his removal to Cuba.  (Doc. 14-1 at 11).  He was released under an order of supervision on July 23, 2013.  (Id. at 18).

On December 9, 2025, Immigration and Customs Enforcement (ICE) revoked Perez Tarajano's order of supervision, and he was placed in immigration custody.  (Doc. 14 at 2).

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  Id.  Detention may continue after the removal period, but not indefinitely.

Perez Tarajano argues that he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001), because his post-removal-order detention exceeds six months and there is no significant likelihood of removal in the reasonably foreseeable future.  In Zadvydas, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  Id. at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  Id. at 701.  So,

2

"for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.[1]

Here, there is no dispute that Perez Tarajano has been in ICE custody for more than six months following his latest order of removal. On June 4, 2026, the Court directed Respondents to "explain how (and whether) Perez Tarajano's removal is likely in the reasonably foreseeable future." (Doc. 18). In response, the government provided only the declaration of Deportation Officer Juan C. Moreno. (Doc. 21-1). Officer Moreno asserts—without further explanation—that ICE intends to remove Perez Tarajano to Mexico and that on March 2, 2026, "Petitioner Failed to Comply with his Third Country Removal to Mexico at the Hidalgo, Texas port of Entry." (Id. at 4). Respondents do not allege that Mexico has actually agreed to accept Perez Tarajano specifically or that

---

[1] The Supreme Court subsequently clarified that inadmissible aliens held in post-removal detention are also entitled to this type of individualized review after their detention exceeds six months. See Clark v. Martinez, 543 U.S. 371 (2005) (extending Zadvydas's holding to inadmissible aliens as a matter of statutory interpretation).

ICE even had an approved plan for removal to Mexico that he thwarted in some way.

Respondents recognize that, given the Court's "rulings in many previous cases presenting similar circumstances, [it] anticipates that the Court will conclude [that Officer Moreno's declaration] lacks sufficient detail to meet the government's burden in justifying continued prolonged detention." (Doc. 21 at 1). In that case, they note, "the Federal Respondents do not oppose Perez Tarajano's release from custody under appropriate conditions of supervision to be determined by ICE." (Id. at 2).

Accordingly, based on the evidence, or lack thereof, the Court finds that the government has not shown a significant likelihood that Perez Tarajano will be removed in the reasonably foreseeable future. Perez Tarajano is entitled to release from detention under Zadvydas, but he remains subject to the terms of an order of supervision. If he fails to comply with the conditions of release, Petitioner may be subject to criminal penalties—including further detention. See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695 ("[W]e nowhere deny the right of Congress . . . to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions.").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Perez Tarajano to "assur[e] [his] presence at the moment of removal." Zadvydas, 533 U.S. at 680.

### III. Conclusion

Accordingly, it is **ORDERED**:

1.   Maikel Perez Tarajano's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.   Respondents shall release Perez Tarajano within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 16, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE